**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 96-4772

STEWART FEAZELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CR-96-62)

Submitted: January 31, 1997

Decided: February 13, 1997

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James W. Keenan, KEENAN & OOTEN, L.C., Fayetteville, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Margaret A. Hickey, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stewart Feazell appeals from the sentence imposed by the district court after pleading guilty to aiding and abetting the taking and carrying away personal property of another in violation of 18 U.S.C. § 2, 661 (1994). We affirm.

Feazell asserts that the district court erred in applying United States Sentencing Commission, <u>Guidelines Manual</u>,§ 3C1.1 (Nov. 1995), which provides for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Where the district court's decision to make an adjustment is primarily a factual determination, this Court applies the clearly erroneous standard of review. <u>United States v. Daughtrey</u>, 874 F.2d 213, 217 (4th Cir. 1989). During Feazell's sentencing hearing the district court determined that Feazell improperly circulated his presentence report to incite his friends to commit violence against potential government witnesses.\* We find no clear error in the district court's determination that this conduct is sufficient to justify a § 3C1.1 enhancement. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

\*Contrary to Appellant's assertion in this appeal, the enhancement was not based on subornation of perjury. Rather, the court adopted the findings in the presentence report, which included a suggestion that Appellant receive an obstruction of justice enhancement based on inciting violence against government witnesses.

2